UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ARI UNGER,

                    Petitioner,

                                            **MEMORANDUM & ORDER**

        -against-

                                            02 CV 4240

UNITED STATES of AMERICA,
                    Respondent.
-----------------------------------------------------------X
DEARIE, Chief Judge.

Petitioner Ari Unger brings an unusual claim. He contends that he was incorrectly credited for time served toward his federal sentence and, as a result, prematurely returned to New Jersey state custody. Petitioner seeks his return to federal prison.

While petitioner was serving a ten year New Jersey state sentence, he was writted into federal custody to answer federal kidnaping charges. Petitioner pled guilty and was sentenced by this Court to two years in prison, to run concurrently with his state sentence. He was returned to state custody approximately seven months later because he was given credit towards his federal sentence for the time he spent in federal custody prior to being convicted. Petitioner claims that the time he spent in federal custody prior to being convicted should have been credited towards his state sentence, not his federal one.

Since filing the instant petition pursuant to 28 U.S.C. § 2241, petitioner has been released on parole from state custody. Consequently, the Court cannot grant relief that would satisfy petitioner's request at this time. Generally, if "an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." Levine v. Apker, 455 F.3d 71, 76 (2d Cir. 2006) (quoting Church of Scientology of Ca. v. United States, 506 U.S. 9, 12 (1992)) (challenge to BOP placement policy

mooted by petitioner's release to supervision). However, in this case, petitioner could re-assert his claim upon a breach of his release conditions. Accordingly, as set forth below, relief is denied because petitioner failed to exhaust his administrative remedies.

## Background

Petitioner was arrested on November 2, 1993, and in April of 1994, pled guilty to conspiracy to interfere with commerce by robbery and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 1954 and 924(c), respectively. Petitioner was sentenced to 96 months imprisonment.

Pursuant to a cooperation agreement, petitioner agreed to be fully debriefed by the government concerning his participation in and knowledge of criminal activity. In addition, he was obligated to testify as a government witness. In 1997, during trial preparation for United States v. Tesler, 97 CR 397 (SS) (S.D.N.Y.), petitioner refused to answer questions about his pending 1993 indictment in New Jersey relating to an attempted homicide. This failure to cooperate constituted a breach of his cooperation agreement, and the government filed a superceding indictment charging petitioner with conspiring to kidnap a truck driver, in violation of 18 U.S.C. §§ 371 and 1201(a)(1). In September of 1998, a writ of habeas corpus ad prosequendum was issued by the Court to secure petitioner's appearance for the kidnaping charge. In July of 1999, New Jersey issued a writ of habeas corpus ad prosequendum for petitioner relating to charges of aggravated assault and unlawful possession of a weapon as a result of an incident that took place in 1991. Petitioner was removed to state custody pursuant to the writ. On March 6, 2000, he was sentenced in New Jersey to 10 years imprisonment, with a minimum of five years to be served without parole eligibility, consecutive to the 1994 federal

sentence that he was finishing.

It appears that petitioner's 1994 federal sentence expired on October 20, 2000, at which point he began serving his 10 year state sentence. See Def.'s Rule 60 Mot., Ex. 5, Letter from New Jersey State Department of Corrections. However, pursuant to the 1998 federal writ of habeas corpus ad prosequendum, petitioner was brought to the Metropolitan Detention Center. On June 28, 2001, he pled guilty to the kidnaping conspiracy. This Court sentenced him on December 20, 2001 to 24 months imprisonment, to run concurrently with the 10 year state sentence he was serving. The Court recommended that the federal sentence be served in a federal facility and "invited consideration" by the Bureau of Prisons ("BOP") to designate petitioner near his family in Florida. Petitioner was transferred to FCI Miami.

In April of 2002, petitioner was notified by the BOP that he was entitled to credit against his 2001 federal sentence for the 426 days he was confined between October 20, 2000, the expiration of his 1994 federal sentence, and December 20, 2001, the date his 2001 sentence was imposed, plus 94 days of good time credit. See Def.'s Rule 60 Mot., Ex. 6. Petitioner contends that he approached the Inmate Systems Manager, the Warden, the Assistant Warden, and his Case Manager directly and through his attorney to object to the crediting. He also claims that his attorney contacted the BOP's legal office in an attempt to challenge this calculation. However, petitioner failed to follow the official administrative grievance procedures and did not file any written complaints. See Resp't Opp'n, Ex. E., Decl. of Patricia Ward. On July 17, 2002, petitioner was released back into the custody of New Jersey.

Just days before his return to state prison, petitioner filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure seeking a modification of his sentence. He complained that

3

as a result of the BOP's credit, he would serve a shorter federal sentence than was required and would be prematurely released to New Jersey custody to serve the remainder of his state sentence. As a remedy, he sought an amended judgment sentencing him to 39 months imprisonment. By papers dated January 28, 2003, petitioner, represented by counsel, resubmitted his application as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking his return to federal custody. However, counsel's appearance was not noticed properly, and counsel's papers were neither filed with the Clerk of the Court nor served on respondent. On June 3, 2005, petitioner filed pro se papers styled as a petition for a writ of habeas corpus seeking the same relief. On January 17, 2006, prior counsel re-submitted the papers dated January 28, 2003.

### Discussion

Petitioner contends that the time he served in federal custody from October 20, 2000 to the imposition of his 2001 federal sentence should not have been credited towards that sentence. He further argues that he was released prematurely into state custody in violation of this Court's order. Petitioner properly challenges the execution of his sentence pursuant to 28 U.S.C. § 2241. Carmona v. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (request for credit for time served prior to conviction properly addressed under § 2241); United States v. Maldonado, 138 F.Supp. 2d 328, 332 (E.D.N.Y. 2001) (§ 2241 is the "proper vehicle for review" for disputes over the BOP's assignment of credit pursuant to 18 U.S.C. § 3585). Nevertheless, relief is denied. Petitioner failed to exhaust administrative remedies.

The BOP is responsible for the administration of a prisoner's sentence. See United States

v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (BOP determines commencement of sentence, crediting, and location of confinement). The Attorney General, through the BOP, determines credits under 18 U.S.C. § 3585(b)[1], and district courts cannot compel the BOP to grant or deny credits, nor can they disregard the BOP's calculations. United States v. Whaley, 148 F.3d 205, 206-07 (2d Cir. 1998) (citing United States v. Wilson, 503 U.S. 329, 333 (1992)); Pineyro, 112 F.3d at 45; see also United States Sentencing Guidelines § 5G1.3, Application Note 3(E) ("To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served . . . the Commission recommends that any downward departure . . . be clearly stated . . . as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served.").

A prisoner may seek judicial review of BOP determinations via 28 U.S.C. § 2241 only after exhausting all available administrative remedies. See Carmona, 243 F.3d at 634; see also Whaley, 148 F.3d at 207 (citing Wilson, 503 U.S. at 335); Pineyro, 112 F.3d at 45. Administrative grievance procedures for federal inmates are set forth at 28 C.F.R. §§ 542.10-.19. While petitioner contends that he attempted to resolve his issue by contacting various officials, he did not file any formal requests for relief in accordance with those procedures. See Resp't Opp'n, Ex. E., Decl. of Patricia Ward.

---

[1] 18 U.S.C. § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

As a result of petitioner's failure to exhaust, his claim cannot be reviewed by this court absent a demonstration of cause and prejudice. Carmona, 243 F.3d at 634. Where "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies," the "cause and prejudice" standard may excuse the prisoner's default. Id. (recognizing several other circuits also apply the "cause and prejudice" standard to federal prisoners seeking § 2241 habeas relief who have not exhausted administrative grievance procedures). However, petitioner has failed to note any circumstances beyond his control that prevented him from pursuing such remedies. Moreover, the impending deadline of his transfer and the need for expeditious review is not sufficient cause to "vitiate the requirement that he exhaust his administrative remedies." Gonzalez v. Perrill, 919 F.2d 1, 2 (2d Cir. 1990) (per curiam), overruled on different grounds by United States v. Edwards, 960 F.2d 278 (2d Cir. 1992) (noting administrative grievance procedures are often most expeditious review of prisoner grievances). To excuse petitioner's failure to exhaust for lack of time would imply that he is entitled to the relief he seeks. Id. ("[i]n determining whether exhaustion is necessary, we cannot *assume* that appellant's claim is meritorious."(emphasis in original)). Where, as in this case, the petitioner has not appropriately exhausted administrative remedies, this Court cannot intervene.

**Conclusion**

Petitioner's application for a writ of habeas corpus is denied, and the petition is dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
November 8 , 2007

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge
